## GEORGIA COTTON OIL COMPANY *v.* JACKSON.

1. A charge instructing a jury to take into consideration a plaintiff's "prospects of increased earnings" should not, when there is no evidence to warrant it, be given.
2. The skill and diligence which the law requires an adult employee to exercise to protect himself from being injured by defective or dangerous machinery must at least come up to the legal standard expressed in the words "ordinary care."
3. In testing by this standard given conduct of such an employee, the inquiry should be, not what degree of care his "intelligence and understanding" would have enabled him to exercise under the existing circumstances, but what amount of care might, under such circumstances, be reasonably expected of an ordinarily prudent person who had attained his majority.
4. When the parties to an action on trial were at issue as to whether or not a machine by which the plaintiff had been injured was, at the time he was hurt, out of order and operating in a dangerous manner, evidence tending to show that shortly thereafter, and while in substantially the same condition, this machine operated in a similar manner, and by so doing injured other persons, was relevant.

Argued January 5, — Decided January 25, 1901.

Action for damages. Before Judge Calhoun. City court of Atlanta. March 31, 1900.

*Abbott, Cox & Abbott*, for plaintiff in error.

*Hoke Smith & H. C. Peeples*, contra.

LUMPKIN, P. J.　The defendant in error, David Jackson, obtained in the trial court a verdict against the Georgia Cotton Oil Company for personal injuries, and it brings here for review a judgment overruling its motion for a new trial.　The brief of evidence discloses that Jackson was injured while operating, as an employee of the Oil Company, a machine known as a "former."　As the case is to be tried again, we leave open the question whether or not, upon the merits, the plaintiff was entitled to a recovery.　The judgment is reversed because, in our opinion, the trial judge committed at least two errors which may have been prejudicial to the defendant company.

1. One of the plaintiff's contentions was, that, on account of the injuries he received, his capacity to earn money had been greatly diminished, and that these injuries were permanent in character.　In this connection the court, referring to the plaintiff, charged the jury: "You should take into consideration his health, heredity, and age, prospects of increased earnings from experience or skill required, and his diminished capacity as a result of growing years and infirmity, prospects of obtaining steady and remunerative employment, and the like."　The petition alleged nothing as to any prospect of increased earnings on the part of the plaintiff, and a diligent study of the brief of evidence fails to disclose that there was any testimony even remotely tending to show that he had such prospects.　We are therefore of the opinion that the charge above quoted ought not to have been given.　While undertaking, in the case of *Railroad Company* v. *Burney* (98 *Ga.* 1), to formulate instructions which might be appropriately given in connection with the mortality and annuity tables, we took especial pains to state precisely when a charge with respect to increased earning capacity would be authorized, viz.: when "the evidence so warrants" (see page 11).　We added that "this should not be done unless, in view of all the testimony, the propriety and fairness of such an instruction is manifest."

2, 3. Another charge complained of was in the following words: "It is not enough, to charge the servant with contributory negligence, that he may have known of the fact that the machine was defective, but it must also appear either that he knew that the contin-

ued use of the defective appliance was dangerous or that the defect complained of rendered the use of the appliance so obviously dangerous as that a person of his intelligence and understanding could perceive it." We do not think this charge correctly stated the standard of diligence required of adult employees. The first sentence of section 2612 of the Civil Code reads as follows: "A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself." This section further provides that where a servant sues for injuries resulting from defective machinery supplied by the master, it must appear that the servant "did not know and had not equal means of knowing" of the defects in the machinery or the danger of operating the same, "and by the exercise of ordinary care could not have known thereof." Construing all together the provisions of this section, its clear meaning is that while an employee is in every instance bound to exercise for his own protection whatever skill and diligence he possesses, the degree of diligence on his part must in no instance fall short of "ordinary care." The standard of diligence which these words are used to define is well settled. By "ordinary care" is meant that degree of care which might reasonably be expected of an ordinarily prudent person under like circumstances.

The case of *Pitts* v. *Railroad Co.*, 98 *Ga.* 655, relied on by counsel for the defendant in error, is not authority for the contrary of what is above laid down. It is true that in the first headnote, which was prepared by Mr. Justice Atkinson, there is a loose expression to the effect that an employee injured by defective machinery would not be precluded from recovering damages merely because he knew of the defects therein, when it did not further appear either that he "actually knew that the continued use of the defective appliance was dangerous, or that the defect complained of rendered the use of the appliance so obviously dangerous as that a person of his intelligence and understanding could readily perceive the danger." The Chief Justice, however, did not assent to the correctness of the proposition laid down by our brother Atkinson, but concurred in the judgment rendered in that case for reasons which he set forth in a separate headnote; while the writer dissented from the judgment altogether.

4. The plaintiff in his testimony described the machine and

the manner of its operation. Among other things, he stated that it had upon it a heavy "slide" which suddenly and unexpectedly "came back" across the machine from the rear to the front thereof and caught and crushed his hand — a thing which would not have occurred if the machine had not been defective. The court, over the objection of defendant's counsel, allowed two other witnesses, who had been employees of the Oil Company, to testify that they had been similarly injured by the coming back of this "slide" in the manner stated. One of them was thus hurt about one week, and the other about three weeks, after the plaintiff was injured. The testimony of these two witnesses was also to the effect that the coming back of the "slide" was due to some defect, or defects, in the machine; and there was other testimony from which it could have been inferred that no substantial change in the condition or structure of the machine had taken place during the three weeks referred to. The bare fact that these two employees had been injured, standing alone, would have been irrelevant; but it was, in view of the testimony just mentioned, competent for the plaintiff to prove by them that shortly after his injury this machine was in a defective condition, and that, because of this, the "slide" operated improperly and in a manner dangerous to employees working the machine. If, in undertaking to relate what occurred with reference to the movement of the "slide," the witnesses incidentally stated that they were hurt in the same manner and from the same cause as the plaintiff, we do not think that permitting them to do so was erroneous. The witnesses were very properly allowed to complete their narrative concerning the improper working of the machine, by stating that from personal experience with it they were prepared to testify to its capacity to do harm. At the same time, the court should have instructed the jury that all these witnesses stated with reference to this matter was relevant solely upon the question as to what was the condition of the machine at the time the plaintiff was injured.          *Judgment reversed.     All the Justices concurring.*