### BALTIMORE & O. R. CO. v. KANGAS.

(Circuit Court of Appeals, Sixth Circuit.   June 26, 1908.)

#### No. 1,789.

MASTER AND SERVANT—ACTIONS FOR DEATH OF SERVANT—CONTRIBUTORY NEGLIGENCE—DEGREE OF CARE REQUIRED—INSTRUCTIONS.

The charge of the court, in an action to recover for the death of an employé, on the subject of contributory negligence which would defeat a recovery, construed and taken as a whole, held to state the correct rule that the degree of care required from the decedent was that which might reasonably be expected under the circumstances from a person of ordinary prudence, and not as depending on his own intelligence and understanding.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

J. P. Wilson, for plaintiff in error.

Allen M. Cox, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. The intestate was employed by the defendant below on its docks at Fairport, Ohio. On July 19, 1905, he was engaged in cleaning (what is called "trimming") the tracks on its docks, when he was struck, run over, and killed by an engine engaged in handling cars. In the action brought by his administrator to recover for his alleged wrongful death, the questions whether the railroad company was negligent, and whether, as alleged in the defense, the intestate was on his part guilty of contributory negligence, were submitted to the jury, and a judgment was rendered. We are satisfied, from an examination of the record, that there was a conflict of evidence upon these two questions, and we think they were properly submitted.

The defendant contends the court erred in charging the jury upon the matter of contributory negligence. We understand the law to be, what the defendant claims, that the inquiry should be, not what degree of care the "intelligence and understanding" of the decedent would have enabled him to exercise under the existing circumstances, but what amount of care might, under such circumstances, be reasonably expected of an ordinarily prudent person. 5 Thompson's Com. on Neg. 5330; Georgia Cotton Oil Company v. Jackson, 112 Ga. 620, 37 S. E. 873. But we do not think the court charged the jury differently. When the court reached the question of contributory negligence—that is, the question of negligence as applied to the decedent—it said that the latter—

"owed it to himself and to others, whose conduct might result in injury to him, to exercise ordinary care for his own safety, and that ordinary care has precisely the same definition when applied to him, and is to have precisely the same sort of application, as it receives when it is applied to the railroad company, namely: Did he at that time act with the kind of care for his own safety which men of ordinary prudence are accustomed to exercise under the same or similar circumstances? If he was not at that time in the exercise of that kind of care for his own safety, and the failure on his part to exercise that kind of care contributed to bring about this result to himself, then his administrator cannot recover, no matter what may have been the negligence of the defendant."

This is a perfectly plain and clear statement of the law as we understand it to be. The trouble grows out of a somewhat elaborate application in the charge of the rule; the court saying:

"Now, in considering whether or not this man was exercising ordinary care for his own safety, you will consider the experience that he had had in connection with these tracks, the experience that he had had in connection with railroads and with work on tracks, what knowledge he had respecting the probable movements of this locomotive, and, in general, all of those circumstances which would operate upon the minds of men of ordinary prudence who were engaged in working about a railroad track. What would have been the conduct, under the circumstances of that particular case, of men of ordinary prudence, possessed of the knowledge and experience and intelligence (but of ordinary prudence, remember) of this man? If what he did or what he did not do was not opposed to or at variance with the conduct of men of

ordinary prudence under similar circumstances, then this man was not guilty of contributory negligence."

The phraseology of the charge, "men of ordinary prudence," as qualified by the following words, "possessed of the knowledge and experience and intelligence (but of ordinary prudence, remember) of this man," is somewhat involved; but we think the meaning is clearly that of the prior portion of the charge. This is shown by the immediate repetition of the general rule stated plainly as before, namely:

"If what he did or what he did not do was not opposed to or at variance with the conduct of men of ordinary prudence under similar circumstances, then this man was not guilty of contributory negligence."

Moreover, if the objection had been to the mere phrase we have indicated, the exception should have pointed out the phraseology objected to, so the charge might have been corrected, and thus clarified beyond the possibility of misconstruction.

Judgment affirmed.