### 56371. HATCHER v. CITY OF ALBANY.

SMITH, Judge.

Finding that the plaintiff-appellant presented evidence which would have authorized a verdict in his favor, we reverse the trial court's grant of appellee's motion for directed verdict.

Appellant sued for damages sustained when he fell while descending steps on property owned by appellee. The appellant's evidence showed that the front door of the property, a pavilion, opened onto a small patio; that there was about an eight inch step-down from the doorway to the patio; that, at the front edge of the patio, there were two steps leading down to the ground; that the first of the steps leading to the ground was about eight inches deep and the second of the steps was about three inches deep. There were no lights illuminating the involved area. Appellant rented the property from appellee for the purpose of hosting a Christmas party on December 22, 1976. In order to prepare for the party he arrived at the location, proceeding up the steps and across the patio, at

6:30 p. m. on the 22nd, an hour before the party was to begin. At the conclusion of the party at 11 p.m., appellant exited the pavilion and traversed the patio and the irregular steps, without misfortune; he then drove his pickup truck close to the front door for his added convenience in performing his duty of cleaning the pavilion. Appellant re-entered and, with another's help, brought a large trash can through the front door, across the patio and down to the truck, without event. Appellant re-entered, secured two boxes, cradling one under each arm, and proceeded out the door onto the patio. Appellant took the first step off the patio and mistakenly thought he was on the ground; he then took another step and fell, sustaining the injuries of which he complains.

Appellant's testimony indicated that, at the time of his fall, he was unaware of the irregular depth of the steps, which were concealed by the dark. Appellant's wife, who aided him in the post-party cleanup, testified that, unbeknownst to her husband, she too had slipped on the bottom step but had "caught" herself before falling. Appellant contends appellee's negligence, in constructing and maintaining steps of irregular depth and in failing to provide outside lighting, was the proximate cause of his injuries.

In *Hatcher v. City of Albany,* 144 Ga. App. 503 (241 SE2d 619) (1978), this court reversed the trial court's grant of appellee's motion for summary judgment. The parties then tried the case before a jury, and, following appellant's presentation of evidence, the trial court granted appellee's motion for directed verdict, which asserted that appellant had shown no evidence of negligence on appellee's part and that appellant's contributory negligence and assumption of the risk barred his recovery.

1. Whether the combination of maintaining irregular steps and failing to provide lighting to illuminate the steps constituted negligence was a matter which the trial court should have submitted to the jury. The jury would have been authorized to conclude that that combination exposed appellant, an invitee (see Code § 105-401), to "a foreseeable unreasonable probability of harm." *Ellington v. Tolar Const. Co.,* 237 Ga. 235, 238

(227 SE2d 336) (1976). The jury might well have concluded a reasonable person would have foreseen that an individual traversing the irregular steps in the dark would misstep and fall. See *Fuller v. Louis Steyerman & Sons,* 46 Ga. App. 830 (2) (169 SE 508) (1933); *Tybee Amusement Co. v. Odum,* 51 Ga. App. 1 (1) (179 SE 415) (1935); *Ga. Power Co. v. Sheats,* 58 Ga. App. 730 (1) (199 SE 582) (1938). Appellee's contention to the contrary notwithstanding, we find inapplicable the legal principle that the "mere existence and maintenance of a difference in floor levels or of steps in a business building does not alone constitute negligence." *Cash & Save Drugs v. Drew,* 124 Ga. App. 721, 722 (185 SE2d 786) (1971). Here, in addition to its constructing and maintaining the irregular steps, appellee had failed to provide outside lighting.

We deem it appropriate to restate that "where certain conduct is alleged to be negligent, it is a jury question whether such conduct constitutes negligence if reasonable minds might differ upon the question." *Bazemore v. MacDougald Const. Co.,* 85 Ga. App. 107, 110 (68 SE2d 163) (1951).

2. "Ordinarily the facts upon which the plaintiff is barred from recovery—that he failed to avoid the consequences of the defendant's negligence which he reasonably could have apprehended, or that he voluntarily encountered a known danger — cannot be decided by the court as issues of law." *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731, 734 (149 SE2d 527) (1966). The appellant's evidence did not establish that he knew of the irregularity in the steps, and he therefore cannot be said, as a matter of law, to have voluntarily assumed the risk of a known danger when he utilized the steps. Furthermore, we feel that the issue — whether a reasonable person, after having ascended the steps three times and descended them twice before his fall, would have been familiar with the steps' irregularity and avoided a misstep on a third descension — was a matter for jury determination. See *Wynne v. Southern Bell,* 159 Ga. 623 (126 SE 388) (1924); *Scott v. Rich's, Inc.,* 47 Ga. App. 548 (171 SE 201) (1933). Again, reasonable minds might differ on the instant issues of contributory negligence and assumption of the risk.

Appellee cites as conclusive in its favor, on the issue of contributory negligence, the cases of *Bridger v. Gresham,* 111 Ga. 814 (35 SE 677) (1900) and *Yankey v. Battle,* 122 Ga. App. 275 (176 SE2d 714) (1970). However, in those cases, where the defendants were absolved from liability because of the plaintiffs' contributory negligence, the plaintiffs had knowingly risked traversing darkened, *non-defective* stairways. Along the same vein appellee also contends *Mattox v. Atlanta Enterprises,* 91 Ga. App. 847 (87 SE2d 432) (1955), is apposite and demands a judgment in its favor. We disagree. In *Chotas v. J. P. Allen & Co.,* supra (cited approvingly in *Ellington v. Tolar Const. Co.,* supra), we indicated disapproval of *Mattox* and, citing *Wynne v. Southern Bell,* supra, as controlling, reiterated that issues of negligence and contributory negligence are ordinarily for the jury.

Finally, contrary to appellee's contention, the case of *Braun v. Wright,* 100 Ga. App. 295 (111 SE2d 100) (1959), is not controlling. There a subcontractor on a construction project was held to have been contributorily negligent for doing nighttime work on the construction premises, "where it was to be reasonably expected perils and pitfalls incident to building activities exist and are concealed by the darkness." *Braun v. Wright,* supra, p. 296. The steps encountered by appellant cannot be said to have been so fraught with peril as to render appellant's traversing of them unreasonable as a matter of law.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 12, 1978 — DECIDED OCTOBER 16, 1978 — REHEARING DENIED NOVEMBER 2, 1978 —

*Vansant & Engram, B. Sam Engram, Jr., Alfred N. Corriere,* for appellant.

*Perry, Walters, Lippitt & Custer, Jesse W. Walters,* for appellee.