A91A1525. MERIWETHER MEMORIAL HOSPITAL
AUTHORITY v. GRESHAM.
(414 SE2d 694)

CARLEY, Presiding Judge.

When her husband injured himself, appellee-plaintiff accompanied him to appellant-defendant's hospital facility. In appellant's emergency room, appellee stood by her husband's side as he lay on a sheet-draped gurney. When appellee was called away from her husband's side for the purpose of providing information to appellant, she took several steps and fell. Seeking damages because of the injuries sustained in her fall, appellee filed the instant suit, alleging that she had tripped over one of the wheels of the gurney. Appellant answered and subsequently moved for summary judgment. The trial court denied appellant's motion, but certified its order for immediate review. Appellant applied for an interlocutory appeal and the instant case results from the grant of that application.

1. Appellee neither fell over a foreign object or substance nor did she slip on a waxed or wet finish that had been intentionally applied to the floor of appellant's emergency room. Compare *Alterman Foods*

*v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980). Appellee simply stumbled over the wheel of a gurney. Anywhere throughout a hospital facility and especially in an emergency room, a gurney must be considered to be a "usual" obstruction rather than a "defect." Accordingly, appellant had no duty to warn appellee that she might encounter a gurney in its hospital facility, that she was actually standing next to a gurney as she comforted her husband, that a gurney is equipped with freely rotating wheels, or that, if she walked too close to the side of the gurney without watching where she stepped, she might trip over one of the wheels. Instead, the initial duty was clearly upon appellee, while in appellant's hospital facility, to maintain a lookout ahead so as to discover and avoid tripping over just such a "usual" obstruction as the wheels of a gurney. See generally *Kres v. Winn-Dixie Stores*, 183 Ga. App. 854, 855 (1) (360 SE2d 415) (1987).

An invitee must make use of all of his "senses in a reasonable measure — amounting to ordinary care, in discovering and avoiding those things that might cause injury to him. It is his duty to exercise ordinary care to observe such obstructions as an ordinarily prudent person would, under normal conditions, expect in the aisles of the place of business in which he is an invitee. [Cit.]" *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427, 428 (1) (263 SE2d 171) (1979). "There is no duty [owed] by the owner of property to warn invitees of dangers obvious even to the casual observer and where the invitee knows or should have known of its existence. [Cit.] . . . [T]here should be no duty to warn of the perfectly obvious such as posting a sign on a stairwell that 'These are steps,' or on a brick wall that caution should be exercised as 'This is a brick wall' or on a telephone pole saying, 'Beware! This is a telephone pole.' Would the invitee know more than the obvious simply because he was told what it was he was seeing? A person cannot undertake to do what obviously is a dangerous thing, even if he is directed by another, without assuming the risks incident thereto and without himself being guilty of such lack of due care for his own safety as to bar him from recovery. [Cit.] An invitee is under an equal duty with the owner to use [his or] her sight to discover any defect or dangers. [Cits.]" *Forde v. C & S Ga. Corp.*, 178 Ga. App. 400, 402-403 (343 SE2d 164) (1986).

That the wheel of the gurney over which appellee tripped may have been covered by a sheet would not serve to render appellant liable. Since a sheet-draped gurney can certainly be considered neither a "defect" nor an "unusual" obstruction in a hospital facility, the mere fact that the gurney upon which appellee's husband lay happened to be sheet-draped would not serve to relieve appellee of her duty to maintain a lookout ahead so as to discover and avoid a possibly injurious contact with the wheels of the gurney. By maintaining such a lookout, appellee presumably would have discovered that her path

along the side of the gurney would necessitate that she place her foot in·an area of the floor which was covered by the sheet. By placing her foot *under* the sheet rather than deviating so as pursue an *unobscured* pathway around the sheet-draped gurney, appellee, in effect, elected to walk in the dark even though it was reasonably to be expected that, in so doing, she might be obstructed by the wheel of the gurney. It is an act of negligence to go "on and over . . . premises where it [is] to be reasonably expected [that obstructions] incident to [a business activity] exist and are concealed by the darkness. [Cits.] In such circumstances[,] one who chooses to walk in darkness does not exercise ordinary care for his own safety. [Cits.]" *Braun v. Wright*, 100 Ga. App. 295, 296 (3) (111 SE2d 100) (1959). See also *Rossano v. American Legion Post No. 29*, 189 Ga. App. 610, 611 (2) (376 SE2d 698) (1988); *Carmichael v. Timothy*, 104 Ga. App. 16 (120 SE2d 814) (1961). Compare *Hatcher v. City of Albany*, 147 Ga. App. 843, 846 (2) (250 SE2d 537) (1978) and *Kreiss v. Allatoona Landing*, 108 Ga. App. 427, 431 (2a) (133 SE2d 602) (1963) (discussing liability where the obstructions encountered by the plaintiffs in darkness were *defects* on the defendants' premises, rather than *non-defective* obstructions which the plaintiffs knew or should have known were incidental to the business activity being conducted on the defendants' premises).

2. The issue raised by appellant's other enumeration of error has become moot as a result of our holding in Division 1.

*Judgment reversed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED JANUARY 8, 1992 —
RECONSIDERATION DENIED JANUARY 22, 1992 —

*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, Albert M. Yates III*, for appellant.

*Patrick J. Araguel & Associates, Patrick J. Araguel, Jr., Deborah B. De Palo*, for appellee.