A93A2124. PAULDING MEMORIAL MEDICAL CENTER
v. MESSAADI.
(442 SE2d 875)

POPE, Chief Judge.

Plaintiff Judy Messaadi sued defendant Paulding Memorial Medical Center (the hospital) for injuries resulting from a fall she suffered while an invitee on the defendant hospital's premises. We granted the hospital's application for interlocutory appeal from the trial court's denial of its motion for summary judgment.

Plaintiff took her small daughter to the emergency room because her daughter was running a high fever. Before the treatment of her daughter was completed, there was an electrical failure in the emergency room, leaving the treatment room plaintiff and her daughter were in completely dark. Using a flashlight to light her way, a nurse came to the doorway of the treatment room and told plaintiff, "You all come out." Instead of staying in the room to assist plaintiff and her sick daughter out of the dark room or offering plaintiff a flash-

light to use, the nurse instead left and went to the next room and told the patients waiting there to also go into the waiting room. Plaintiff picked up her sick child and attempted to exit the room as she was ordered. As she did, she tripped over a stool attached to the end of her daughter's treatment bed, causing both plaintiff and her daughter to fall. Plaintiff testified that it was so dark that she would have been unable to see the stool even if she had looked down at it. When asked if she thought she could see well enough to get to the door as she started to exit the room, she responded: "I didn't think. They just said come out, and I was doing what I was told to do."

Under the facts of this case, we hold the trial court correctly denied the defendant hospital's motion for summary judgment. Plaintiff was *ordered* to leave the room while an emergency situation existed in the hospital. She did not *choose* to take her daughter and wander out of the room in the darkness. An emergency situation existed in the hospital of which plaintiff was not fully aware. Plaintiff was not in a position to knowingly evaluate whether it was more dangerous to remain in the room when she had been ordered to leave by the nurse or follow the nurse's instruction, a person more familiar with the hospital and the existing situation. Plaintiff properly sought to do what was necessary to ensure her safety and the safety of her daughter, as well as obtain medical treatment for her daughter. In this case, "there was no deliberate choice of an obviously perilous course of conduct without restriction of choice by the circumstances or coercion." *Kitchens v. Winter Co. Builders*, 161 Ga. App. 701, 703 (289 SE2d 807) (1982). For these reasons the dissent's position that plaintiff's recovery is barred as a matter of law in this case because one who chooses to walk in darkness assumes the risk of their action absent coercive conduct on the part of the defendant must be rejected. It defies logic to suggest that plaintiff should ignore the order of medical personnel under these circumstances and remain in a room she had been ordered to leave. Nor can I agree with the dissent's suggestion that the danger should be deemed obvious in this case because plaintiff should remember where everything was located in the room she had only been in briefly and be able to successfully pilot her way in complete darkness.

Furthermore, the dissent's reliance on our decision in *Meriwether Mem. Hosp. Auth. v. Gresham*, 202 Ga. App. 535 (414 SE2d 694) (1992) is misplaced as that case is factually inapposite. In that case, the plaintiff was called away from her husband, who was lying on a sheet-draped gurney in a lighted hospital room. As she moved from his side, she tripped over one of the wheels of the gurney and fell. Id. at 536. Under those circumstances, we held that the wheels of a gurney were a usual obstruction and the fact that the wheel on which plaintiff tripped was covered by a sheet did not render the defendant

liable since a sheet-draped gurney was neither an unusual obstruction or a defective condition in a hospital. Id. at 536-537.

This case is remanded to the trial court to allow a jury to determine if the conduct of the defendant can be considered coercive under the facts of this case, and whether under these circumstances plaintiff, in the exercise of ordinary care, should have refused to comply with the nurse's directive.

*Judgment affirmed and case remanded. Beasley, P. J., Cooper, Johnson, Blackburn and Smith, JJ., concur. McMurray, P. J., Birdsong, P. J., and Andrews, J., dissent.*

ANDREWS, Judge, dissenting.

Messaadi testified that upon her arrival at Paulding Memorial Medical Center (the hospital), she and her child were taken to a treatment room. As her child was placed on an examination table, a hospital nurse pulled out a small stool attached to the table, which was used as a step up. A short time later as Messaadi was sitting next to the table by her child, the electricity at the hospital went off during a rainstorm. Messaadi testified that it was so dark in the treatment room she could not see anything in the room, not even the doorway. A hospital nurse came by the doorway to the room with a flashlight and told Messaadi and some other persons, who were also in the room, to come out into the waiting room. Messaadi picked up her child, and as she walked past the examination table toward the door, she tripped and fell over the stool she had just seen pulled out from the end of the table. As the majority notes, Messaadi admitted it was so dark in the room when she got up to leave that she would have been unable to see the stool even if she had looked down at it. When asked if she thought she could see well enough to get to the door as she started to exit the room, Messaadi responded: "I didn't think. They just said come out, and I was doing what I was told to do."

The existence of the examining table stool was not a defect in the premises, but a usual obstruction one could expect in this hospital setting. See *Meriwether Mem. Hosp. v. Gresham*, 202 Ga. App. 535, 536 (414 SE2d 694) (1992). Additionally, even if she could not see the stool in the dark, Messaadi obviously knew of the existence and location of the stool because she saw the nurse pull it out shortly before she tripped over it. There is no duty to warn of obvious dangers where the invitee knows or should know of its existence. Id. at 536.

The fact that the room was dark as a result of the electrical failure at the hospital does not excuse Messaadi from exercising reasonable care under the circumstances. "It is an act of negligence to go on or over premises where it is to be reasonably expected that obstructions incident to a business activity exist and are concealed by the darkness. In such circumstances, one who chooses to walk in darkness

does not exercise ordinary care for his own safety." (Citations and punctuation omitted.) Id. at 537. Nor does the fact that a hospital nurse told her to come to the waiting room alter the rule requiring the exercise of ordinary care. "A person cannot undertake to do what obviously is a dangerous thing, even if he is directed by another, without assuming the risks incident thereto and without himself being guilty of such lack of due care for his safety as to bar him from recovery." *Forde v. C & S Ga. Corp.*, 178 Ga. App. 400, 402-403 (343 SE2d 164) (1986).

Contrary to the majority's position, this case does not contain the coercive elements addressed in *Kitchens v. Winter Co. Builders*, 161 Ga. App. 701, 702-703 (289 SE2d 807) (1982). In *Kitchens* we concluded that a construction worker told to do certain dangerous work was faced with the coercive circumstances of either continuing the dangerous work with full appreciation of the danger, or refusing to work and losing his job. Under those circumstances, we found a question of fact existed as to whether or not the worker assumed the risk of pursuing a known dangerous course of conduct. In the present case, there was no similar evidence of coercion. There was no evidence of an emergency situation which posed a threat to Messaadi or her child. The lights went out. It was dark. A nurse told her to leave the darkened room. Under these circumstances, logic and common sense would dictate that if, as Messaadi contends, it was obviously too dark to safely walk out of the room, she should have stayed put and informed the nurse of that fact. Messaadi assumed the risk of blindly walking in a totally darkened room. See *Meriwether*, supra; *Forde*, supra. The hospital was entitled to summary judgment.

I am authorized to state that Presiding Judge McMurray and Presiding Judge Birdsong join in this dissent.

DECIDED MARCH 17, 1994 —
RECONSIDERATION DENIED APRIL 1, 1994.

*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, Pat M. Anagnostakis, Todd M. Yates*, for appellant.
*Peter M. Blackford, John E. Gilchrist*, for appellee.