### A09A1331. RUTHERFORD v. REVCO DISCOUNT DRUG CENTERS, INC.
(689 SE2d 59)

BARNES, Judge.

Following a fall at a CVS drug store and resulting action for the injuries she sustained, Dorothy Rutherford appeals from the grant of summary judgment to Revco Discount Drug Centers, Inc. Because material issues of fact exist as to whether the hazard allegedly causing Rutherford's accident was readily observable to her in the exercise of ordinary care, and thus she could be presumed to have knowledge of it, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A trial court's grant of summary judgment is reviewed de novo on appeal, construing the evidence in the light most favorable to the nonmovant. Once the party moving for summary judgment has made a prima facie showing that it is entitled to judgment as a matter of law, the nonmovant must then come forward with rebuttal evidence sufficient to show the existence of a genuine issue of material fact.

---

[45] See *Mays*, supra.

(Citations and punctuation omitted.) *Anderson v. Sears Roebuck & Co.*, 292 Ga. App. 603, 603-604 (664 SE2d 911) (2008) (physical precedent only).

So viewed, the record shows that on June 18, 2004, Rutherford's daughter drove her to a recently opened CVS drug store to purchase prescription medication. The daughter waited in the car while Rutherford went inside to get her medication. As Rutherford exited the store and walked down the ramp just outside the door, she fell and suffered injuries including a torn rotator cuff. The daughter initially said that her mother tripped over a rock, which was the cause later used in a statement Rutherford's son prepared and signed on his mother's behalf. The daughter later averred that she had not actually seen her mother fall, she did not know what caused her mother to fall, and that she had merely speculated that a rock was the cause. A witness who assisted Rutherford after she fell also said that he did not know what caused Rutherford to fall. At her deposition, Rutherford testified that she did not know what caused her fall.

Rutherford's expert averred that the slope of the ramp when Rutherford fell exceeded standards mandated by the Americans with Disabilities Act and created a dangerous walking surface.[1] He also noted that the lack of a landing at the top of the ramp did not comport with good design practices and "created a difficult and dangerous walking surface." The expert concluded that the ramp's faulty condition "more likely than not" caused Rutherford's fall.

To recover for injuries sustained in a slip-and-fall case, the invitee must establish that the defendant knew about the hazard, and the invitee did not know about the hazard despite the exercise of ordinary care due to conditions under the owner's control. *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997). Notice of the defect is presumed in cases of defective construction. *Cocklin v. JC Penney Corp.*, 296 Ga. App. 179, 182 (674 SE2d 48) (2009). " '[F]ailure to discover the defect through the exercise of reasonable care in inspecting the premises gives rise to constructive knowledge where the owner or occupier had an opportunity to discover the dangerous condition and to remedy it.' " Id. 182-183.

As to the second prong, the fact that Rutherford had walked into the store once does not as a matter of law give her actual or constructive knowledge of the hazard she faced walking out of the store directly onto the steep ramp. See, e.g., *Hamilton v. Kentucky Fried Chicken*, 248 Ga. App. 245, 246 (1) (545 SE2d 375) (2001);

---

[1] The expert could not physically examine the ramp because it had been removed from the entry and replaced with a walkway without a curb ramp.

*Flournoy v. Hosp. Auth. of Houston County*, 232 Ga. App. 791, 793 (504 SE2d 198) (1998); *Hatcher v. City of Albany*, 147 Ga. App. 843, 845 (2) (250 SE2d 537) (1978).

> The rule imputing knowledge of a danger to a person who has successfully negotiated [an alleged dangerous condition] before applies only to cases involving a static condition that is "readily discernible" to a person exercising reasonable care for his own safety. Moreover, as held in cases such as *Freyer v. Silver*, [234 Ga. App. 243 (507 SE2d 7) (1998)], it is the plaintiff's knowledge of the specific hazard precipitating a trip and fall which is determinative, not merely her knowledge of the generally prevailing hazardous conditions or of hazardous conditions which plaintiff observes and avoids.

(Punctuation omitted.) *Cocklin v. JC Penney Corp.*, supra, 296 Ga. App. at 182. An

> invitee presents some evidence of the exercise of reasonable care for personal safety when the invitee explains that something in the control of the owner/occupier and of such a nature that the owner/occupier knew or should have known of its distractive quality caused [her] not to look at the site of the hazard.

*Robinson v. Kroger Co.*, supra, 268 Ga. at 749.

In this case, the drugstore had a single entry, and had only been open approximately one week. Rutherford, who was 71 years old at the time of the injury, had never been to that location before. She recalled that her view of the landing was blocked by the door when she exited the store because the ramp declined almost at the threshold of the door. No landing outside the door was available for customers to step onto as they were leaving, and the ramp was not painted or marked in any way to make it stand out from the sidewalk. The steepness of the ramp was not readily discernable because the door blocked Rutherford's view of the ramp until it was opened. Moreover, going up a ramp is obviously very different from coming down a ramp, so she had not navigated the ramp's decline before her fall.

Construing the evidence most strongly against the defendant as movants for summary judgment, a jury could find that Rutherford, who was carrying her prescription and whose view was initially blocked by the closed door, exercised reasonable care for her safety and would have seen the ramp if the entryway had been constructed

properly. See *MAC International-Savannah Hotel v. Hallman*, 265 Ga. App. 727, 730 (4) (595 SE2d 577) (2004); *Anderson v. Turton Dev.*, 225 Ga. App. 270, 272 (1) (483 SE2d 597) (1997).

As our Supreme Court reiterated in *American Multi-Cinema v. Brown*, 285 Ga. 442 (679 SE2d 25) (2009),

> issues such as how closely a particular retailer should monitor its premises and approaches, what retailers should know about the property's condition at any given time, how vigilant patrons must be for their own safety in various settings, and where customers should be held responsible for looking or not looking are all questions that, in general, must be answered by juries as a matter of fact rather than by judges as a matter of law.

Id. at 445 (2).

*Judgment reversed. Miller, C. J., Johnson, P. J., Blackburn, P. J., Ellington and Mikell, JJ., concur. Andrews, P. J., dissents.*

ANDREWS, Presiding Judge, dissenting.

In order to recover for injuries suffered in a slip-and-fall, an invitee plaintiff must show that despite her exercise of ordinary care, the defendant owner had superior knowledge of the hazard resulting from conditions under that defendant's control. *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

> Notwithstanding [a] *Robinson* analysis, a claim involving a static defect differs from other slip and fall cases in that when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have equal knowledge of it and cannot recover for a subsequent injury resulting therefrom.

(Punctuation omitted.) *Trans-Vaughn Dev. Corp. v. Cummings*, 273 Ga. App. 505, 508 (615 SE2d 579) (2005); see also *Febuary v. Averitt Properties*, 242 Ga. App. 137, 139 (528 SE2d 880) (2000). When a plaintiff offers only "speculation or conjecture" concerning the cause of her fall, or when "the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment." *Shadburn v. Whitlow*, 243 Ga. App. 555, 557 (533 SE2d 765) (2000).

Rutherford's affidavit testimony concerning her state of distraction is both inadmissible and irrelevant. Her affidavit directly contradicts her deposition testimony that she did not know why she fell. In the absence of any reasonable explanation for this contradiction, see *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1)

(343 SE2d 680) (1986), this Court is obliged to resolve it against her as a matter of law. *Hallberg v. Flat Creek Animal Clinic*, 225 Ga. App. 212, 214-215 (1) (483 SE2d 671) (1997) (disregarding plaintiff's affidavit testimony that she fell because a ramp leading out of a veterinary clinic was too steep as well as her explanation that she was nervous at the time the deposition was taken, and affirming a grant of summary judgment to defendants). And evidence of distraction cannot be relevant where a plaintiff has "actual knowledge of the hazard before the alleged distraction." *Delk v. QuikTrip Corp.*, 258 Ga. App. 140, 142 (572 SE2d 676) (2002) (affirming grant of summary judgment despite plaintiff's testimony that she was distracted).

There is no evidence before us that Rutherford gained entrance to the store except by means of the same ramp she fell down on exiting. Since it is undisputed that Rutherford negotiated that ramp successfully on entering the store, she is presumed to have had equal knowledge of any hazard associated with it as she exited. See *Delk*, supra, 258 Ga. App. 140, 142 (affirming grant of summary judgment where plaintiff had successfully negotiated path including raised gas tank storage cover on her way into store). Even assuming that the ramp violated one or more building codes, moreover, Robinson cannot recover because she does not know what caused her fall. See *Trans-Vaughn Dev. Corp.*, 273 Ga. App. at 510 (even in the face of a dispute over a stairway's lack of landing or handrails, plaintiff's equal knowledge of hazard posed by it precluded recovery).

For all these reasons, I respectfully dissent.

DECIDED NOVEMBER 24, 2009 —
RECONSIDERATION DENIED DECEMBER 16, 2009.

*Robert C. Koski*, for appellant.
*Hall, Booth, Smith & Slover, Robert W. Stannard*, for appellee.