**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**November 19, 2025**

# In the Court of Appeals of Georgia

A25A2101. WELLS v. KHAN SHELL, LLC.

MERCIER, Judge.

Tara Wells appeals from the trial court's order granting summary judgment to Khan Shell, LLC, in this premises liability action. For reasons that follow, we affirm.

Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. See OCGA § 9-11-56 (c). We review the grant of summary judgment de novo, construing the evidence and all reasonable inferences in favor of the nonmovant. See *Coral Hospitality-GA v. Givens*, 363 Ga. App. 664, 664 (871 SE2d 325) (2022).

Viewed in this manner, the record shows that Wells attended a family funeral on January 5, 2021. When they left the service, Wells and several others stopped at a

nearby gas station owned by Khan Shell. Wells pulled up to the gas pump and, after she began filling her car with gas, walked across the parking lot to speak with friends who were in another vehicle. She visited with them briefly, then started walking back to her car along the same path or something "real close to it." Before she reached her car, however, Wells tripped and fell to the ground. Although she was hurt, she managed to get up and leave the gas station in her vehicle. Her condition continued to worsen, and she eventually sought medical care.

Shortly after the fall, Wells called the gas station to report the incident to the manager. The manager found security video footage showing her fall, and Wells returned to the gas station to review the video and take photographs of the area of the parking lot where she tripped. While in the area, Wells noted that the concrete "wasn't horrible, but it did have holes through it and some areas were not level."

Questioned at deposition about the cause of her fall, Wells testified that, when she tripped, she "felt like [her] foot, the tip of [her] foot went into a hole." She also expressed uncertainty about the cause, stating: "But then I looked at it again, and there's a [concrete] seam there where it's slightly elevated on one side opposed to the other. So I don't know." Wells admitted that these issues with the concrete were

2

"pretty easy to see . . . once I was looking[,]" and she had no problem detecting them when taking the pictures. In fact, she described the alleged hazards as "readily observable" in her summary judgment briefing. Wells further testified that the weather was sunny at the time of her fall, and nothing obstructed her vision as she was walking. According to Wells, she did not notice any cracks or problems with the pavement prior to her fall because she "wasn't paying attention" and "wasn't looking down[.]"

When an owner or occupier of land "induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. To recover in premises liability, a plaintiff must demonstrate that "(1) the landowner/occupier had actual or constructive knowledge of the hazard, and (2) the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Coral Hospitality-GA*, 363 Ga. App. at 665 (citation and punctuation omitted). Ultimately,

> the fundamental basis for an owner or occupier's liability is that party's superior knowledge of the hazard encountered by the plaintiff. In other words, a plaintiff is not entitled to recovery if the undisputed evidence

3

demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendant.

*D'Elia v. Phillips Edison & Co.*, 354 Ga. App. 696, 698 (839 SE2d 721) (2020) (citation and punctuation omitted).

In granting summary judgment, the trial court found that Wells had offered no evidence of superior knowledge on the part of Khan Shell. We agree. The imperfections in Khan Shell's parking lot constituted a "static condition," one "that does not change and is dangerous only if someone fails to see it and walks into it." *Coral Hospitality-GA*, 363 Ga. App. at 665 (citation and punctuation omitted); see also *Nemeth v. RREEF America*, 283 Ga. App. 795, 797 (1) (643 SE2d 283) (2007) ("broken, missing, or uneven pavement is a static condition") (citation and punctuation omitted). When nothing obstructs an invitee's ability to see a static condition, an owner/occupier "may safely assume that the invitee will see it and will realize any associated risks." *Coral Hospitality-GA*, 363 Ga. App. at 665 (citation and punctuation omitted). In other words, where the condition is apparent, the invitee's failure to look "will not relieve her from the responsibility for her misadventure." Id. (citation and punctuation omitted). If the hazard created by a static condition is open

and obvious, therefore, "an invitee cannot recover for damages purportedly caused by the hazard." Id.

Here, the evidence shows that the allegedly hazardous imperfections in the Khan Shell parking lot were apparent to someone looking and "paying attention." Nothing distracted Wells as she walked back to her car after speaking with friends. She does not contend that the hole or raised area on which she tripped was obscured or difficult to see at the time of her fall. Rather, she simply was not looking. Compare *Landrum v. Enmark Stations*, 310 Ga. App. 161, 165 (2) (712 SE2d 585) (2011) (questions of fact remained as to whether plaintiff should have seen uneven crack in pavement where she testified that shading and coloring of the pavement made the crack blend into the surface of the parking lot); *Rutherford v. Revco Discount Drug Centers*, 301 Ga. App. 702, 704 (689 SE2d 59) (2009) (given plaintiff's obstructed view and evidence that steepness of ramp on which she fell was not readily discernible, questions of fact remained as to whether plaintiff had knowledge of the hazard); *Cocklin v. JC Penney Corp.*, 296 Ga. App. 179, 182 (674 SE2d 48) (2009) (evidence created factual issues "as to whether the specific hazard allegedly precipitating [plaintiff's] trip and fall was readily observable"); *Christensen v. Overseas Partners*

*Capital*, 249 Ga. App. 827, 830 (2) (549 SE2d 784) (2001) (in light of pedestrian traffic on ramp plaintiff was traversing, questions of fact remained as to whether her failure to see height gap over which she tripped was reasonable).

An invitee "is not entitled to an absolutely smooth or level way of travel." *Coral Hospitality-GA*, 363 Ga. App. at 666 (citation and punctuation omitted). And "[i]t is common knowledge that small cracks, holes and uneven spots often develop in pavement." *D'Elia*, 354 Ga. App. at 699 (citation and punctuation omitted). The evidence establishes that the imperfections in the Khan Shell parking lot were open and obvious. Under these circumstances, Wells "is deemed to have had equal knowledge of the alleged hazard, and [she] cannot recover for injuries caused by it." *Coral Hospitality-GA*, 363 Ga. App. at 666. See also *Gutierrez v. Six Flags Over Ga. II*, 367 Ga. App. 539, 541 (2) (887 SE2d 352) (2023) (under "longstanding principles of Georgia law, [plaintiff's] knowledge of hazard [created by open and obvious static condition on defendant's property] is imputed and she cannot recover from injuries as a result of her failure to see it") (footnote omitted); *D'Elia*, 354 Ga. App. at 699 ("Even if the transition in the walkway was hazardous as [plaintiff] asserts, the

condition was open and obvious, and thus, in the exercise of ordinary care, she could have avoided it.") (citation and punctuation omitted).[1]

*Judgment affirmed. Dillard, P. J., and Senior Judge C. Andrew Fuller concur.*

---

[1] Wells notes on appeal that the Supreme Court granted certiorari in *Coral Hospitality-GA v. Givens*. The parties, however, settled the case before the Supreme Court issued an opinion, and the Court granted their consent motion to withdraw the appeal. See *Givens v. Coral Hospitality-GA*, 317 Ga. 282, 282 (892 SE2d 782) (2023). Although concurring with that decision, Justice Pinson wrote separately to suggest that our case law regarding open and obvious static conditions might conflict with *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997). See id. at 286-87 (Pinson, J., concurring). He thus indicated a willingness to "grant[] review again to address these issues in an appropriate case." Id. at 287. The Supreme Court has offered no further guidance on this issue and, following *Givens*, denied certiorari in *Gutierrez v. Six Flags Over Ga. II*. Accordingly, we continue to follow our precedent in this area.