## 61660. GLENN v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.

BANKE, Judge.
Appellant Glenn sued MARTA alleging that she had sustained personal injuries as a result of the negligence of a MARTA bus driver. MARTA moved for summary judgment, and the trial court granted the motion due to the appellant's failure to have her affidavit in

opposition to the motion properly notarized. This appeal followed.

The appellant attempted to correct the alleged deficiency by filing a supplemental affidavit executed by the notary, wherein the latter swore that he was a duly appointed notary public at the time he notarized the plaintiff's affidavit. Attached were a specimen of his notary seal and a copy of his certificate of appointment. However, the trial court concluded that the absence of the seal from the original affidavit was a nonamendable defect due to the combined effect of Code Ann. § 71-107, which provides that notaries must provide a seal for the authentication of their notarial acts, and 58 AmJur2d 477, Notaries Public, § 33, which provides that "[w]here a notary is required to possess a seal as a condition precedent to his right to act, and he does not affix his seal at the time of executing a certificate, the defect cannot thereafter be supplied." *Held:*

"To constitute a complete affidavit, three essential features are requisite: first, the written oath embodying the facts sworn to by the affiant; second, the signature of the affiant thereto; and third, the jurat or attestation, by an officer authorized to administer the oath, that the affidavit was actually sworn to and subscribed before him by the affiant . . . [However], even where an affidavit constitutes the basis of a proceeding in court, and is essential to the validity of its processes, it is not indispensable that the jurat should be signed by the officer who administered the oath, the material question being whether or not the oath was actually administered and taken; and in the absence of the officer's certificate to this effect, aliunde testimony may be received to establish this material fact." *Beach v. Averett,* 106 Ga. 73, 74-76 (31 SE 806) (1898). Accord, *Miller v. Caraker,* 9 Ga. App. 255 (2) (71 SE 9) (1911). Both of these cases were decided under Ga. L. 1863-4, p. 59, which, like the current version of Code Ann. § 71-107, required that notaries provide a seal for the authentication of their notarial acts. If the absence of the jurat or attestation itself may be cured, it follows that a failure to affix the seal to the jurat may be cured. For this reason, and also because the purpose of summary judgment procedure is to determine whether there is a material issue of fact to be tried, rather than to set up technical pitfalls for the unwary, we reverse the grant of the appellee's motion in this case. See generally Code Ann. § 81A-156; Davis and Shulman, Ga. Prac. and Proc. 215, § 9-9.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 20, 1981.

*Lynn Mitchell, Leroy Langston,* for appellant.

*Denise Caffrey,* for appellee.