A09A2206. WHEELER v. METROPOLITAN ATLANTA RAPID
TRANSIT AUTHORITY.
(691 SE2d 926)

BARNES, Judge.

This appeal arises from a trial court's grant of summary judgment to the Metropolitan Atlanta Rapid Transit Authority (MARTA) on Sabrina Wheeler's complaint for personal injuries. Wheeler appeals, and for the reasons stated below, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

In response to MARTA's motion for summary judgment, Wheeler submitted an affidavit. Viewing the affidavit in the light most favorable to Wheeler, as the respondent, on April 2, 2008, Wheeler was a passenger on route number 16 Noble, driven by Carl Rives and traveling on Ralph McGill Boulevard. Rives was traveling through traffic at a high rate of unsafe speed, and to avoid hitting the car in front of him, Rives had to "slam on the brakes causing the bus to slide and causing [Wheeler] to slide forward and injure [her]self." MARTA presented no evidence in response to Wheeler's affidavit.

The trial court granted summary judgment to MARTA and dismissed the complaint, finding the complaint insufficient to state a claim for relief. The court further found that Wheeler's affidavit was "self-serving, conclusory," and insufficient to create a genuine issue of material fact, failing to support her allegations concerning the behavior of the bus driver with specific facts or circumstances.

"[M]atters such as the negligence of the defendant and the plaintiff . . . are generally not susceptible of summary adjudication, meaning that summary judgment is granted only when the evidence is plain, palpable, and undisputed." (Citation and punctuation omitted.) *Anderson v. Sears Roebuck & Co.*, 292 Ga. App. 603, 605 (1) (664 SE2d 911) (2008). Further, "[i]t is axiomatic that questions regarding proximate cause are undeniably a jury question and may only be determined by the courts in plain and undisputed cases." *Thomas v. MARTA*, 300 Ga. App. 98, 102 (2) (a) (684 SE2d 83) (2009). The trial court's duty was simply to determine whether the evidence in the record created a genuine issue of material fact for a

jury to decide. In her affidavit Wheeler described the date, the route, the driver, the negligent action, and the resulting damage. The affidavit was complete, containing "a written oath embodying the facts sworn to by the affiant" and Wheeler's notarized signature. *Glenn v. MARTA*, 158 Ga. App. 98-99 (279 SE2d 481) (1981).

Whether Wheeler's affidavit was credible and whether the facts as Wheeler portrayed them are true or not is a jury question, and not an issue for the court to decide summarily. *Whitley v. Piedmont Hosp.*, 284 Ga. App. 649, 655 (1) (644 SE2d 514) (2007). Giving Wheeler the benefit of all reasonable doubt and the construction of the evidence and all inferences and conclusions therefrom most favorably as the parties opposing the motion, *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988), her affidavit was sufficient to create genuine issues of material fact on her suit for personal injuries. Accordingly, the trial court erred by granting summary judgment to MARTA.

*Judgment reversed. Miller, C. J., concurs. Andrews, P. J., concurs specially.*

ANDREWS, Presiding Judge, concurring specially.

Wheeler's affidavit in response to MARTA's motion for summary judgment was sufficient to create a genuine issue of fact and avoid summary judgment because it set forth her personal knowledge of specific facts and circumstances admissible in evidence that support the essential elements of her negligence action. The trial court erred by finding that the affidavit was insufficient to create a genuine issue of fact because it was "conclusory" and "self-serving."

The affidavit was not insufficient to create a genuine issue of fact on the basis that it was "conclusory."

> [C]onclusory allegations by way of an affidavit, unsupported by specific allegations of fact, will not be sufficient to avoid summary judgment. . . . [A]ffidavits containing mere legal conclusions and allegations present no issues of fact on a motion for summary judgment. An affidavit in contravention of a motion for summary judgment must state more than mere conclusions; it must state specific adverse facts.

(Citations and punctuation omitted.) *Swanson v. Lockheed Aircraft Corp.*, 181 Ga. App. 876, 879 (354 SE2d 204) (1987).

Moreover, Wheeler's affidavit was not insufficient to create a genuine issue of fact merely because she is an interested party and her affidavit contained statements that were obviously self-serving. The affidavit of an interested party based on personal knowledge of specific facts admissible in evidence is sufficient to support or defeat

summary judgment even though it serves the party's self-interest. OCGA § 9-11-56; *Keene v. Herstam*, 225 Ga. App. 115, 116 (483 SE2d 335) (1997).

DECIDED MARCH 17, 2010.

*Jack O. Morse*, for appellant.
*Nicolle G. Holt*, for appellee.