## S10A1775. AUITO v. AUITO.

(704 SE2d 789)

BENHAM, Justice.

Bito Auito died March 31, 2007, leaving a will which named as executrix the decedent's widow, appellee Elois Ann Auito. Executrix Auito propounded the will with an attached self-proving affidavit, and appellant Victor Auito, the son of the decedent by a previous marriage, filed a caveat. At the hearing on the caveat, caveator challenged only the lack of proper execution of the self-proving affidavit and expressly abandoned all other grounds of his caveat. The probate court found the self-proving affidavit to be legally sufficient because it was substantially similar in form to the example set out in OCGA § 53-4-24 (b) and met the requirements of an affidavit as set out in *Glenn v. MARTA*, 158 Ga. App. 98 (279 SE2d 481) (1981). Concluding that the propounder had established a prima facie case and met her burden of proof and that caveator had failed to rebut the prima facie case by a preponderance of the evidence, the probate court granted the petition to probate the will. Caveator then filed this appeal.

"A complete affidavit must satisfy three essential elements: (a) a written oath embodying the facts as sworn to by the affiant; (b) the signature of the affiant; and (c) the attestation by an officer authorized to administer the oath that the affidavit was actually sworn by the affiant before the officer." *Roberson v. Ocwen Fed. Bank*, 250 Ga. App. 350 (2) (553 SE2d 162) (2001), citing *Glenn v. MARTA*, supra, 158 Ga. App. at 99. OCGA § 53-4-24 (a) provides that a will "may be made self-proved and the testimony of the witnesses in the probate regarding such will may be made unnecessary by the affidavits of the testator and the attesting witnesses made before a notary public." "The self-proving affidavit, which is a sworn statement that the will has been duly executed, creates a rebuttable presumption that the requirements of signature and attestation were met without the need for live testimony or affidavits from the will's witnesses." *Duncan v. Moore*, 275 Ga. 656 (1) (571 SE2d 771) (2002). The affidavit and the notary's certificate are the only prerequisites of a self-proved will (OCGA § 53-4-24 (a)), and OCGA § 53-4-24 (b) provides the form with which the affidavit and certificate substantially should comply. The statutory form provides the facts to which the affiant testator and affiant witnesses must swear; a line to which the affiant testator and affiant witnesses are to affix their signatures; and the notary's certificate, which serves as the attestation of an officer authorized to administer the oath that

the affidavit was actually sworn by the affiants before the officer.[1]

In the case at bar, each of the witnesses signed Bito Auito's will on a blank line designated for a witness and signed the attached self-proving affidavit, which was in form and in content substantially the same as the statutory example, on a blank line designated for a witness under the statement of facts concerning the execution of the will to which the witnesses swore. The notary's certificate appeared below the witnesses' signature lines and stated that the statement of facts had been sworn and subscribed before the notary by the testator, identified as Bito Auito, and "witnesses" on November 26, 2005. Caveator maintains the failure to put the names of the witnesses in the notary's certificate makes the self-proving affidavit improperly executed and invalid.

The failure to include the names of the witnesses in the notary's certificate does not invalidate the self-proving affidavit because the affidavit substantially complies in form and content with the statutory example found in OCGA § 53-4-24 (b), identification by name of the affiants in the notary's certificate is not an essential element of an affidavit, and the affidavit as executed contains the three essential elements of an affidavit. By signing and sealing the certificate, the notary attested that the "witnesses" swore and subscribed to the statement of facts before the notary, and the unnamed witnesses to whom the notary's certificate refers are easily identifiable, having signed the lines designated "witness" appearing below the statement of facts and just above the notary's certificate. The probate court did not err when it concluded the propounder established a prima facie case that caveator failed to rebut by a preponderance of the evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 2011.

*Moore, Ingram, Johnson & Steele, G. Phillip Beggs*, for appellant.

*Douglas A. Hill*, for appellee.

---

[1] The statutory form for the notary's certificate found in OCGA § 53-4-24 (b) is as follows:
Sworn to and subscribed before me by _____, testator, and sworn and subscribed before me by _____ and _____, witnesses, this ___ day of _____, ___.
(SEAL)
(Signed) _____
    (Official Capacity of Officer)