S13A0907. MARTINA et al. v. ELROD.

(748 SE2d 412)

HUNSTEIN, Justice.

In this will contest case, we granted an application for interlocutory appeal filed by the caveators below to determine the validity of the self-proving affidavit attached to the testator's will. Having determined that the affidavit does not substantially comply with the requirements of a self-proving affidavit under OCGA § 53-4-24, we reverse the superior court's conclusion to the contrary. We affirm the remainder of the superior court's order.

Dan Berlin Elrod ("Testator") died leaving a Last Will and Testament executed on December 17, 1998. In the will, Testator left his estate to his putative wife, Appellee Jacquelyn Jones Elrod ("Elrod"), and her heirs, expressly excluding his five children from a previous marriage. After Elrod, as executrix, petitioned to probate the will, the five children ("Caveators") challenged its validity on grounds of undue influence. After a hearing, the probate court denied probate, finding that the will's self-proving affidavit was insufficient.

On appeal to superior court, the parties consented to submit for the court's resolution two preliminary issues: (1) the sufficiency of the self-proving affidavit; and (2) the validity of the marriage between Elrod and Testator. The superior court concluded that the self-proving affidavit was in substantial compliance with the applicable statutory requirements and that, therefore, the will should be admitted for probate as a self-proved will. The court concluded further that there was a question of fact, to be resolved at trial, regarding the validity of Testator's marriage to Elrod. We granted Caveators' interlocutory application to examine the first of these two determinations.

1. A will that is "self-proved" may be admitted for probate without the testimony of the attesting witnesses. OCGA § 53-4-24 (c). Such a will is rebuttably presumed to have been executed with the requisite

testamentary formalities. *Auito v. Auito*, 288 Ga. 443, 443 (704 SE2d 789) (2011). To be self-proved, a will must have annexed to it an affidavit, sworn by the testator and attesting witnesses before a notary public, affirming that the will has been properly executed. OCGA § 53-4-24 (b); *Duncan v. Moore*, 275 Ga. 656 (1) (571 SE2d 771) (2002). A valid self-proving affidavit must have form and content substantially similar to that of the statutory template. See OCGA § 53-4-24 (b). Among other things, this template "provides the facts to which the affiant testator and affiant witnesses must swear." *Auito*, 288 Ga. at 443.

Comparing the affidavit annexed to Testator's will with the statutory template, it is apparent that several substantive elements are missing from the affidavit here. Specifically, the affidavit lacks an affirmation by the notary public that (1) those signing the affidavit were "known to [the notary] to be the testator and the witnesses"; (2) the witnesses were signing at the testator's request; and (3) the witnesses were each at least 14 years of age at the time. See OCGA § 53-4-24 (b). The doctrine of substantial compliance, though tolerant of "variations in the mode of expression" utilized to satisfy statutory requisites, nonetheless requires "actual compliance as to all matters of substance." *General Elec. Credit Corp. v. Brooks*, 242 Ga. 109, 118 (249 SE2d 596) (1978). In other words, minor discrepancies in format or phraseology are acceptable, but the omission of substantive elements is not. Here, given the outright absence of at least three of the statutorily required elements, the affidavit annexed to Testator's will is not in substantial compliance with OCGA § 53-4-24 (b) and therefore does not constitute a valid self-proving affidavit. Compare *Auito*, 288 Ga. at 444 (self-proving affidavit was in substantial compliance with statute where witnesses' names, though not stated in the notary's certification, were supplied elsewhere in the document). Accordingly, we reverse the superior court's determination on this issue.

2. We find no error in the superior court's determination regarding the marriage between Testator and Elrod and therefore affirm this portion of the order below.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

*Ken W. Smith*, for appellants.

McNatt, Greene & Peterson, Hugh B. McNatt, Hugh Peterson III, Hawkins, Parnell, Thackston & Young, Robert S. Thompson, for appellee.