**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 17, 2014**

# In the Court of Appeals of Georgia

A14A1241. HILL v. KONE, INC.                    DO-064

DOYLE, Presiding Judge.

Shakira Hill appeals the grant of summary judgment to Kone, Inc., an elevator maintenance company, in her personal injury suit based on a trip and fall on an elevator. Hill contends that factual issues remain as to a potential violation of OCGA § 8-2-106 (c), which would give rise to a spoliation presumption barring summary judgment. Because the record contains a factual dispute as to that question, we reverse.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of

material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

So viewed, the record shows that at approximately 10:00 p.m. one night in November 2009, Hill and a coworker entered an elevator in their building at the end of their shift, and Hill tripped on the elevator's threshold, which protruded above the floor level. Hill fell and was injured when her head struck the metal railing on the back wall of the elevator. The elevator door closed and took them down to the building lobby, where a security officer called 911 due to Hill's injury. Hill was taken to a hospital where she was treated for her injury. Meanwhile, a fellow building occupant, Craig Allen, rode the subject elevator to determine if it was working properly, and he observed that upon going to a higher floor, the elevator doors would not open. He returned in the elevator to the lobby and reported that the elevator did not function properly.

The record also shows that on the day of the incident, an elevator maintenance and repair technician employed by Kone had been at the building for approximately

---

[1] (Citation and punctuation omitted.) *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003), quoting *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

nine hours servicing elevators one, three, and four, plus the freight elevator.[2] Because of the injury to Hill, the incident was reported to the Georgia Department of Labor, which sent a representative to inspect the elevator with a Kone employee the next day. The record contains evidence that the elevator they inspected was the second on the left (elevator number three), whereas the elevator Hill fell in was the first on the left (elevator number four). No defects were found during the inspection.

Based on Hill's injury, she sued the building owner and Kone, which maintained the elevators pursuant to a contract with the building owner. Following discovery, Kone moved for summary judgment, arguing that Hill could show no material issue of fact as to its liability. In response, Hill relied in part on an affidavit from her expert who averred that the Kone service technician who maintained the elevators did so in a manner inconsistent with the appropriate KONE maintenance manual. For example, the technician denied in a deposition that certain leveling characteristics should be checked during routine maintenance, which denial contradicted the procedure in the maintenance manual. The expert also noted problems with Kone's record keeping (including mislabeling which elevator had been

_____

[2] Based on the description by Hill's coworker, the subject elevator was elevator four.

3

serviced) and that all of the elevators in the building had experienced leveling issues in the past. The expert averred that Kone breached industry standards for proper maintenance and inspection and that "had the proper tests and inspection and maintenance of the elevators taken place, the components that were causing misleveling issues would have been identified, and Kone would have known to make the needed corrections to the equipment . . . before the malfunction" that injured Hill.

Following a hearing, the trial court granted the motion, giving rise to this appeal.

Hill contends that the trial court erred because the record contains factual issues as to whether the proper elevator was taken out of service and inspected as required by OCGA § 8-2-106 (c), which issues give rise to a spoliation presumption precluding summary judgment at this stage. We agree.

OCGA § 8-2-106 addresses elevator accidents and provides as follows, in relevant part:

(a) The [building] owner or lessee shall report, by telephone, to the enforcement authority on the same day or by noon on the next work day, . . . all elevator . . . related accidents involving personal injury or death. The owner or lessee shall also provide a written report of this accident within seven days.

4

. . .

(c) Any elevator . . . involved in an accident described in subsection (a) . . . of this Code section shall be removed from service at the time of the accident. *The equipment shall not be repaired, altered, or placed back in service until inspected by a certified inspector for the enforcement authority.*[3]

This Court has held that failure to comply with the statute, whether intentionally or by mistake, "would constitute a form of spoliation of evidence, because by working on the elevator [prior to inspection], the evidence would have been tampered with, altered[,] or destroyed."[4] "Spoliation . . . creates the presumption that the evidence would have been harmful to the spoliator. Proof of such conduct would raise a rebuttable presumption against [Kone] that the evidence favored [Hill], a fact rendering summary judgment inappropriate."[5]

Here, there is evidence that the inspection authorities were notified and came to inspect the elevator, but there is some evidence that the post-incident inspection

---

[3] (Emphasis supplied.)

[4] *Lane v. Montgomery Elevator Co.*, 225 Ga. App. 523, 525 (1) (484 SE2d 249) (1997).

[5] (Citations omitted.) Id.

5

was done on the wrong elevator. Thus, there is a question of fact as to whether the correct elevator was taken out of service and whether the correct elevator was inspected immediately following the incident, as required by OCGA § 8-2-106. "[T]he fact that . . . the state inspector . . . could not identify precisely what caused the misleveling can hardly be surprising in light of the evidence that" the inspection was on the wrong elevator.[6] Because the record contains a factual dispute as to compliance with OCGA § 8-2-106, and in light of the expert testimony as to Kone's failure to properly maintain the elevator at issue, summary judgment was not appropriate.[7]

*Judgment reversed. Miller and Dillard, JJ., concur.*

---

[6] Id. at 526 (1).

[7] See id. See also *Beach v. B.F. Saul Property Co.*, 303 Ga. App. 689, 696 (2) (694 SE2d 147) (2010) (physical precedent only) (due to some evidence of an injury implicating OCGA § 8-2-106, jury was entitled "if nothing else" to decide whether spoliation arose under OCGA § 8-2-106; "[p]roof of spoliation raises a rebuttable presumption that the evidence would have been harmful to [the property owner] and thus the evidence favored [the plaintiffs], a fact rendering the grant of a directed verdict inappropriate"); *Thomas v. MARTA*, 300 Ga. App. 98, 100-101 (1) (684 SE2d 83) (2009) (summary judgment precluded by spoliation).