**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 6, 2023**

# In the Court of Appeals of Georgia

A22A1579. GUISE et al v. LEONI.

HODGES, Judge.

Mark Guise, individually and d/b/a All Types Painting, Roofing, Remodeling ("Guise"), sued his ex-girlfriend, Janet Beth Leoni, for multiple causes of action following the end of their relationship. The claims stemmed from Guise's contention that Leoni owed him compensation for work he performed on her home, that Leoni retained possession of his business cell phone number and a computer which Guise purchased that had his business files on it, and that Leoni used his credit card without authorization. The trial court granted summary judgment to Leoni on all of Guise's claims, and he appeals. For the reasons that follow, we reverse the grant of summary judgment as to seven of Guise's claims, affirm as to the others, and remand the case to the trial court for further proceedings consistent with this opinion.

"We apply a de novo standard of review to an appeal from a grant of summary judgment and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. A defendant may obtain summary judgment by showing an absence of evidence supporting at least one essential element of the plaintiff's claim." (Citation omitted.) *Saik v. Brown*, 355 Ga. App. 849, 850 (846 SE2d 132) (2020).

So viewed, the evidence shows that Guise and Leoni were in a romantic relationship and he moved into her home in 2011. Guise contends he helped Leoni pay expenses for the house and that they discussed eventually selling her house and jointly buying one together. Guise, who is a contractor by trade, made renovations to Leoni's home during their relationship. According to Guise, in late 2020 and early 2021 the relationship began changing, and Leoni agreed that Guise would be reimbursed for the labor and expenses he incurred from that time forward in making improvements to the home to prepare it for sale. In May 2021, Leoni listed her house for sale.

In June 2021, Leoni asked Guise to move out of her house.[1] It is undisputed that Leoni did not pay Guise for any work he performed on her house, though she claims to have purchased some of the items for which he seeks reimbursement. At the time he left, Guise's business cell phone number was on Leoni's cell phone plan and it remained on that plan for some time after they broke up. In Leoni's home was a computer which Guise contends he purchased and which he claims has important documents relating to his business on it. Guise also claims that Leoni continued to use a credit card of his after he removed her authorization to use it.

Guise sued Leoni on multiple claims. For the money he claimed he was owed for the work performed on Leoni's home, Guise alleged breach of an oral contract

---

[1] At the time he moved out, Guise signed a document which purportedly released some of the claims he may have had against Leoni. Although both parties discuss the effect of this document on appeal, Leoni did not argue in the trial court that this document released any of the claims Guise asserted in his lawsuit. Accordingly, any argument that these claims have been released was waived. *Pferrman v. BPS of Tifton, Inc.*, 364 Ga. App. 624, 629 (2) (876 SE2d 6) (2022) ("It is axiomatic that issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken. Nor may a plaintiff alter the course of [her] arguments mid-stream, raising issues on appeal that were not raised before the trial court.") (citation omitted).

and, alternatively, quantum meruit, unjust enrichment, and promissory estoppel. Guise also claimed fraud on the basis that Leoni promised to pay him to perform work on her house knowing she had no intention of paying him. He brought claims for conversion and tortious interference with business opportunities for Leoni's alleged failure to return his cell phone number and the computer to him. Guise, however, did not allege he was unable to receive phone calls or otherwise use his business phone number during the time it remained on Leoni's plan. He also brought a claim regarding Leoni's allegedly unauthorized use of his credit card. Guise sought equitable and injunctive relief to require Leoni to "release" his cell phone number, return the computer, and cease making charges on his credit card.

The procedural history of this case following service of the complaint is somewhat unusual. Along with her answer, Leoni filed a document which purported to be a motion to dismiss for failure to state a claim or a motion for summary judgment. The motion did not argue any law concerning summary judgment and documents required to be filed with a motion for summary judgment were not included. Guise responded to this motion and filed an affidavit supporting his claims.

Leoni retained new counsel, who, prior to a hearing on the motion filed by original counsel, filed a brief called "Response to Brief of Plaintiff Mark Guise in

4

Opposition to Defendant Janet Beth Leoni's Motion to Dismiss or in the Alternative for Summary Judgment", along with a theory of recovery, statement of material facts as to which there is no dispute, and an affidavit of Leoni. This pleading claimed that there were no issues of material fact as to Guise's claims for conversion, tortious interference with business opportunities, or request for equitable relief. Leoni requested summary judgment as to those counts and specifically requested the case proceed as to the remaining claims. The trial court held a hearing at which Leoni's counsel reiterated that her motion was for partial summary judgment, and at which she withdrew the motion to dismiss. The trial court subsequently formally recognized the voluntary dismissal of that motion in an order. Guise requested that the trial court postpone the hearing, claiming that Leoni's opposition brief was actually the first time Leoni properly moved for summary judgment; the trial court agreed and postponed the hearing, though a new hearing was never requested or held.

Guise filed a supplemental brief in response to Leoni's opposition brief, through which he argued factual disputes precluded summary judgment. Leoni then filed a response to Guise's supplemental brief wherein she also claimed a lack of factual disputes as to Guise's claims for breach of oral contract, quantum meruit, unjust enrichment, and promissory estoppel. At some point after filing this pleading,

5

Leoni switched counsel again, back to her original counsel. The record does not demonstrate how it came to be that Leoni's original counsel submitted a proposed order, but ultimately the trial court entered an order drafted by Leoni's original counsel which granted summary judgment to Leoni as to all of Guise's claims. Guise timely appealed.

Addressing Guise's enumerations collectively, Guise contends the trial court erred in granting summary judgment because material factual disputes remain and because the trial court granted summary judgment as to all claims when Leoni only moved as to some claims. We agree in part and disagree in part.

Leoni moved for partial summary judgment on all of Guise's claims except for his claims for fraud and unauthorized use of his credit card.[2] We note at the outset that Guise's legal arguments are paltry at best, and sometimes so inadequately

---

[2] Leoni claims she moved for summary judgment as to all claims based on the contents of an email sent to the chambers of the trial court judge. Pretermitting the propriety of expanding the scope of relief requested on a motion through an email, any such email was not made a part of the trial court record. For this reason we denied Leoni's request to supplement the record with this email on appeal. We do not consider any description of this email which was not made a part of the trial court record or any emails referenced in Leoni's brief which were purportedly sent by Guise to the trial court's chambers.

supported that they have been abandoned.[3] We will discuss each of these claims in turn.

### a. Breach of Oral Contract

"A contract is an agreement between two or more parties for the doing or not doing of some specified thing." OCGA § 13-1-1. "A contract may be enforceable even though it rests only in words as remembered by the witnesses." (Citation and punctuation omitted.) *Edwards v. Sewell*, 289 Ga. App. 128, 130 (1) (a) (656 SE2d 246) (2008). "[T]he plaintiff in a breach of contract action has the burden of proving three elements: subject matter of the contract, consideration, and mutual assent by all parties to all contract terms." (Citation and punctuation omitted.) *Cline v. Lee*, 260 Ga. App. 164, 168 (1) (581 SE2d 558) (2003).

Here, Guise alleges that he made numerous repairs and improvements to Leoni's home throughout the course of his romantic relationship with her based on their mutual agreement that equity from the sale of her home would be used towards the purchase of a joint home. He further contends that he and Leoni had an oral contract wherein, starting in the end of 2020 and in the early days of 2021, he would

---

[3] We also note that Leoni's appellate brief contains numerous violations of our Court's rules, including reference to facts not contained in the record as well as citation to legal propositions unsupported by legal citation.

make repairs and improvements to her home to prepare it for a sale and that he would be fully reimbursed for his out of pocket expenses and labor. It is the repairs and improvements made during this time frame for which he seeks compensation. He identified several items of work that he contends were performed in this time frame and alleges he has not been paid for them. Conversely, Leoni denies such an agreement existed. She also testified via affidavit that even if such an agreement existed, many of the repairs and improvements for which Guise seeks payment were performed prior to 2021 or were performed for reasons other than improving the house for sale; thus, she contends, they are outside the scope of the oral contract alleged by Guise.

"[T]he rule with regard to summary judgment is that a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case." (Citation and punctuation omitted.) *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010). Here, in an attempt to demonstrate a lack of evidence to support Guise's claim, Leoni attached several exhibits to her affidavit. Relevant to this claim, Exhibits A- E contain: excerpts from Guise's affidavit identifying the

repairs and improvements he alleges he performed; pictures of a house with what appears to be metadata about the date the picture was taken; typed comments that the pictures show that certain work was performed prior to 2021 or was performed for a reason other than selling Leoni's home; text messages with "Judy" or "JK" (who is unidentified); receipts for faucets; and aerial photos of trees. Leoni's affidavit does not identify where the pictures were taken, who took the pictures, how the metadata was obtained, the sender and receiver of the text messages, the author of the comments about the pictures, the source of the receipt for faucets or proof of who paid for them, or the source of the aerial tree photos.

"The rules of evidence apply in summary judgment proceedings[.]" (Citation omitted.) *Tselios v. Sarsour*, 341 Ga. App. 471, 474, n. 3 (800 SE2d 636) (2017). "The requirement of authentication or identification as a condition precedent to admissibility shall be satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." OCGA § 24-9-901 (a); *Koules v. SP5 Atlantic Retail Ventures, LLC*, 330 Ga. App. 282, 286 (2) (767 SE2d 40) (2014) ("Under long-standing Georgia law, the process known as authentication of writings is the means by which a writing is shown to be in fact what it purports to be in order to introduce it in evidence.") (citation and punctuation omitted). "[I]n general, a

9

[document] will not be admitted into evidence unless the offering party tenders proof of the authenticity or genuineness of the [document]." (Citation and punctuation omitted.) *Tselios*, 341 Ga. App. at 474, n. 3.

Guise complains on appeal that the exhibits are unauthenticated, but he did not object to them or move to strike them from the trial court's consideration of the summary judgment motion. Accordingly, he has waived this objection. *Williams v. Durden*, 347 Ga. App. 363, 367, n.2 (819 SE2d 524) (2018) ("Because Durden did not object to the aforesaid records submitted by Williams in opposition to summary judgment, Durden waived any objection to the exhibits on hearsay or authentication grounds."); accord *Tselios*, 341 Ga. App. at 474, n. 3.

Nonetheless, even with this Court considering the exhibits, they are of limited evidentiary value given all that is missing from them. In light of the competing affidavits, a material factual dispute still exists as to whether Leoni promised to pay Guise for work performed on her home in late 2020 and early 2021 to prepare her home for sale. First, Leoni states in her affidavit that "many" of the repairs Guise identified were performed prior to the relevant time frame, but she does not claim they all were. A review of her exhibits and Guise's claims reveals numerous items claimed by Guise that Leoni does not specifically address. Further, while the

substance of the exhibits may ultimately bolster Leoni's credibility, that is not a concern on summary judgment.

It is presently unclear if the items and areas depicted in the pictures are the same ones referenced by Guise, and it is unclear who paid for the items for which receipts were provided. Although the unauthenticated exhibits to the affidavit are admissible due to Guise's failure to timely object to them, the exhibits are lacking. Guise provided evidence through his verified complaint and affidavit to support each element of his breach of contract claim, and Leoni's affidavit and its exhibits are inadequate to demonstrate an absence of evidence as to any element of this claim. Accordingly, the trial court erred in granting summary judgment as to this claim. *Wheeler v. Metro. Atlanta Rapid Transit Auth.*, 302 Ga. App. 877, 878 (691 SE2d 926) (2010) ("Whether [plaintiff's] affidavit was credible and whether the facts as [plaintiff] portrayed them are true or not is a jury question, and not an issue for the court to decide summarily. Giving [plaintiff] the benefit of all reasonable doubt and the construction of the evidence and all inferences and conclusions therefrom most favorably as the parties opposing the motion, [his] affidavit was sufficient to create genuine issues of material fact on [his] suit . . .. Accordingly, the trial court erred by granting summary judgment . . ..") (citations omitted).

11

*b. Quantum Meruit, Unjust Enrichment, and Promissory Estoppel*

Alternative to his breach of contract claim, Guise brought claims for quantum meruit, unjust enrichment, and promissory estoppel.

> In order to recover in quantum meruit, a plaintiff must show: (1) the performance of services valuable to the defendant[]; (2) either at the request of the defendant[] or knowingly accepted by the defendant[]; (3) that the failure to compensate the plaintiff would be unjust; and (4) that the plaintiff expected compensation at the time [he] rendered the services.

*Perry Golf Course Dev., LLC v. Housing Auth. of City of Atlanta*, 294 Ga. App. 387, 394 (6) (e) (670 SE2d 171) (2008). As to unjust enrichment, it

> is an equitable concept and applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for. A claim for unjust enrichment is not a tort, but an alternative theory of recovery if a contract claim fails.

(Citation and punctuation omitted.) *Wachovia Ins. Servs., Inc. v. Fallon*, 299 Ga. App. 440, 449 (6) (682 SE2d 657) (2009). With regard to promissory estoppel,

> OCGA § 13-3-44 (a) provides: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the

12

promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Based on this language, the elements of a promissory estoppel cause of action are: (1) defendant made certain promises, (2) defendant should have expected that plaintiff would rely on such promises, (3) the plaintiff did in fact rely on such promises to [his] detriment, and (4) injustice can be avoided only by enforcement of the promise.

(Citation and punctuation omitted.) *Houston v. Houston*, 267 Ga. App. 450, 451 (600 SE2d 395) (2004).

As to all of these claims, it is relevant that Guise alleged that he performed work on Leoni's house which increased its value based on her promise to compensate him for his work. It is also worth noting that Leoni does not deny that Guise's work increased her home's value. For the reasons identified in subsection (a), there remains a material dispute of fact as to these claims as well.

### c. Fraud

Leoni did not move for summary judgment on Guise's fraud claim, but the trial court granted summary judgment sua sponte. Under certain circumstances it is permissible for a trial court to do so, but even in those situations, the grant of summary judgment must otherwise be proper. *All Tech Co. v. Laimer Unicon, LLC*,

13

281 Ga. App. 579, 581 (2) (636 SE2d 753) (2006). Guise alleges that the trial court erred both because its grant of summary judgment on this claim was sua sponte and because material factual disputes remain as to the claim. We need not decide if it was procedurally proper for the trial court to sua sponte grant summary judgment on the fraud claim, because it was not substantively proper.[4]

"The tort of fraud has five elements: (1) a false representation by the defendant; (2) scienter; (3) an intent to induce the claimant to act or refrain from acting; (4) justifiable reliance by the claimant; and (5) damage to the claimant." *Rubenstein v. Palatchi*, 359 Ga. App. 139, 144 (3) (857 SE2d 81) (2021). "It is well established under Georgia law that fraud cannot generally be based on instances of misrepresentations as to future events. An exception to this general rule exists where the promisor knows, at the time of the misrepresentation, that the future event will not take place." (Citation and punctuation omitted.) *Pacrim Assocs. v. Turner Home Entertainment, Inc.*, 235 Ga. App. 761, 767 (3) (510 SE2d 52) (1998).

Here, Guise alleges that Leoni misrepresented her intention to pay him to perform work on her house when she had no intention of compensating him. For the

---

[4] Leoni also complains on appeal about the specificity of Guise's pleading of his fraud claim, but she raised no such argument in the trial court.

reasons described in subsection (a) above, there remains a factual dispute as to whether Leoni promised to pay Guise and whether she ever had an intention of paying him.

> Given that fraud is inherently subtle, slight circumstances of fraud may be sufficient to establish a proper case. Proof of fraud is seldom ever susceptible of direct proof, thus recourse to circumstantial evidence usually is required. Moreover, it is peculiarly the province of the jury to pass on these circumstances showing fraud.

(Citation omitted.) *Kilroy v. Alpharetta Fitness, Inc.*, 295 Ga. App. 274, 279 (1) (671 SE2d 312) (2008); see also *Fed. Ins. Co. v. Westside Supply Co.*, 264 Ga. App. 240, 243 (1) (590 SE2d 224) (2003) ("Fraud is not committed by wilful misrepresentation alone but in this regard is subtle and can be accomplished in an infinite number of ways including signs and tricks and even, in some instances, by silence.") (citation and punctuation omitted). Specifically, scienter and justifiable reliance are generally issues for the jury except in plain and indisputable cases. *Rubenstein*, 359 Ga. App. at 145 (3) (b); *Westside Supply*, 264 Ga. App. at 243 (1). Accordingly, the trial court erred in granting summary judgment to Leoni on Guise's fraud claim.

> *d. Conversion*

Guise contends that Leoni converted his business telephone number and a computer he purchased which contains his business files.

> A conversion results when, without authority, a party exercises the right of ownership over, assumes dominion over, or appropriates personal property belonging to another party, in hostility of that other party's rights. To establish a conversion claim, a plaintiff must demonstrate that (1) he or she owns title to or has the right to possess the personal property at issue; (2) the defendant actually possesses the property; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return it.

(Citation omitted.) *Rubenstein*, 359 Ga. App. at 142 (1). If a defendant lawfully comes into possession of an item, the plaintiff must prove a demand and refusal to return the item to maintain a conversion claim. See *Williams v. Natl. Auto Sales, Inc.*, 287 Ga. App. 283, 285 (1) (651 SE2d 194) (2007).

Here, in neither the trial court nor on appeal has Guise argued any legal basis for holding that a telephone number is personal property which may be the subject of a conversion claim. He has not provided any authority or factual or legal argument that he had title to or the right to possess a cell phone number, particularly a cell phone number on another person's cell phone plan. Accordingly, this argument has

16

been abandoned.[5] *Farmer v. Dept. of Corrections*, 346 Ga. App. 387, 394 (2) (816 SE2d 376) (2018) ("[U]nder the rules of this Court, an appellant must support enumerations of error with argument and citation of authority, and mere conclusory statements are not the type of meaningful argument contemplated by our rules.") (citation and punctuation omitted).

As to the computer, Guise has made sufficient allegations to survive Leoni's motion for summary judgment. He alleges that the computer belonged to him and that she has refused to return it to him. Although Leoni alleges the computer belongs to her and attempted to prove this through submission of a receipt, it is impossible to determine what was purchased by reviewing the receipt. A factual issue remains concerning Guise's claim of conversion of the computer, and thus summary judgment as to this claim was improper.

### e. Tortious Interference with Business Relations

Guise also alleges that refusing return of the business phone number and the computer constitutes tortious interference with his business relations.

---

[5] We express no opinion as to whether an intangible telephone number can be the subject of a successful conversion claim.

17

> To support a verdict for tortious interference with business relations the evidence must show the defendant (1) acted improperly and without privilege, (2) purposely and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff, and (4) for which the plaintiff suffered some financial injury.

(Citation and punctuation omitted.) *Arford v. Blalock*, 199 Ga. App. 434, 440 (13) (405 SE2d 698) (1991). Guise makes no legal argument that his allegations satisfy the elements of this cause of action. Accordingly, his claim is abandoned. *Farmer*, 346 Ga. App. at 394 (2).

### *f. Unauthorized Use of Credit Card*

Guise alleges that he gave Leoni permission to use his credit card, but that she continued to use it once he had revoked her permission. He does not allege what cause of action he believes captures this claim. The trial court, however, sua sponte granted summary judgment on this claim. As Guise contends in his enumerations of error, this was procedurally improper. Georgia law provides that

> [a]lthough our law concerning motions for summary judgment allows a trial court to grant, sua sponte, a summary judgment, a trial court's authority to do so is not unlimited. The grant of summary judgment must be proper in all other respects. This means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the

18

party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment. The crucial point is to insure that the party against whom summary judgment is sought has had a full and final opportunity to meet and attempt to controvert the assertions against him.

(Citations, punctuation, and emphasis omitted.) *Aycock v. Calk*, 222 Ga. App. 763, 763-764 (476 SE2d 274) (1996).

Here, Guise did not have full and fair notice that the credit card claim would be considered. Leoni explicitly limited her partial summary judgment motion as to all claims except fraud and the credit card claim both in her written submissions and during a hearing. Specifically, in both briefs filed in the trial court, Leoni explicitly requested that summary judgment be granted as to the identified claims and that the case be allowed to proceed on the remaining claims, which included the credit card claim. Leoni submitted an affidavit in support of her motion, but made no mention of the credit card claim in this affidavit, further demonstrating an intent to exclude the credit card claim from consideration on summary judgment.

Here, Guise's claims fall into three categories: claims for compensation for work performed on Leoni's property; claims stemming from Guise's business telephone number and the computer; and the unauthorized credit card use claim. The

19

credit card claim is distinct from all the other claims for which Leoni moved for summary judgment, and on these facts, Guise did not have proper notice that summary judgment on his credit card claim was under consideration. See *Brito v. Gomez L. Group, LLC*, 289 Ga. App. 625, 630-631 (3) (a) (658 SE2d 178) (2008)[6]*; Pruette v. Phoebe Putney Memorial Hosp.*, 295 Ga. App. 335, 343 (2) (671 SE2d

---

[6] The record does not show that the Britos received full and fair notice and an opportunity to be heard on the issue of the propriety of punitive damages against Gomez. There is no indication in the record that the Britos had notice before the summary judgment hearing that punitive damages would be considered. Moreover, written argument submitted later by the parties addressed the issue of punitive damages only in the underlying action against U–Haul. The later submissions did not address the issue of punitive damages against Gomez, a claim that the Britos did not assert in their complaints but might choose to assert in an amended complaint. Because under these circumstances the Britos were not afforded notice and an opportunity to be heard on the issue of whether they were entitled to punitive damages against Gomez, the trial court erred in granting Gomez summary judgment sua sponte on that issue, and we reverse that judgment. (Footnote omitted).

20

844) (2008)[7]; *Howard v. Pope*, 282 Ga. App. 137, 142-143 (2) (637 SE2d 854) (2006) (Sua sponte grant of summary judgment was reversed on a claim which was separate from the one for which the motion was filed when the moving party indicated a motion as to the other claim would be forthcoming, but one was never filed.). We express no opinion as to whether Guise has asserted a viable claim either legally or factually, but we reverse the grant of summary judgment as to this claim.

*g. Equitable Relief*

---

[7] Here, Phoebe Putney did not raise the borrowed servant defense in its answer, the pretrial order, its summary judgment brief, or at the hearing on the summary judgment motions. And while the trial court at the hearing expressed some concerns about whether plaintiff could succeed on her claim against Phoebe Putney, the court never referenced the borrowed servant defense and never stated that it wanted to hear from the parties on the application of that defense to the present case. It follows that plaintiff was not given adequate notice and an opportunity to be heard on the issue of whether the borrowed servant defense barred the wrongful death claim against Phoebe Putney. Accordingly, the trial court erred in granting summary judgment sua sponte on that issue, and we reverse.

Guise sought equitable relief in his complaint to require Leoni to "release" his cell phone number, return his computer without deleting any information, and cease making charges on the credit card. In support of this claim on appeal Guise has done no more than cite to OCGA § 9-11-65, the statute which generally authorizes equitable relief. Accordingly, this claim is deemed abandoned. *Farmer*, 346 Ga. App. at 394 (2).

In conclusion, we affirm summary judgment as to Guise's claims for conversion of the telephone number, tortious interference with business relations, and equitable relief. We reverse summary judgment as to Guise's claims for breach of contract, quantum meruit, unjust enrichment, promissory estoppel, fraud, conversion of the computer, and unauthorized use of a credit card. Those claims are remanded to the trial court for further proceedings.

*Judgment affirmed in part, reversed in part, and case remanded with direction. Barnes, P. J., and Brown, J., concur.*